UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STUART COOK                                                  CIVIL ACTION NO. 10-0809

VERSUS                                                        JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

       Before the Court is a Motion for Partial Summary Judgment (Record Document 49) filed by Defendant Red River Entertainment of Shreveport Partnership in Commendam, d/b/a Sam's Town Casino ("Sam's Town"). Sam's Town moves for dismissal of Plaintiff Stuart Cook's ("Cook") wage loss claim on the ground that he has not suffered any lost wages to date. See id. Additionally, Sam's Town notes that Cook's physicians have not restricted him from working now or in the future. See id.

       In lieu of filing a response, Cook filed a "Concurrence to Sam's Town Motion for Partial Summary Judgment as to the Lost Wage Claim." See Record Document 57. He admitted that he has lost no earning opportunities, thus far, attributable to the injury he alleges to have sustained on May 25, 2009. See id. Therefore, Cook has conceded that, to date, there is no lost income. See id. However, he argues:

> [I]t is possible that his condition could deteriorate to the point where he is no longer able to perform. To the extent that such might occur before trial, Cook does not wish to lose such a claim.
>       Accordingly, Cook consents to the dismissal of this claim and respectfully requests that to the extent circumstances warrant such a claim by the time of trial that the dismissal be without prejudice.

Id. at 1.

       Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).[1]  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).  If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

"While a plaintiff who seeks to recover for damages he is likely to sustain in the future must prove these future damages by a preponderance of the evidence, he can do so only by adducing expert opinion, for what the future holds can only be prophesied." Gideon v. Johns-Manville Sales Corp., 761 F.2d 1129, 1137 (5th Cir. 1985).  "Possibility alone cannot serve as the basis for recovery, for mere possibility does not meet the preponderance of the evidence standard."  Id.

Here, Cook is unable to meet his burden of proving future wage loss/impairment of earning capacity, as he has no expert evidence as to future damages.  Dr. Thomas Hill, a

---

[1]The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

neurologist who examined Cook on January 26, 2011, believes that Cook's condition will not worsen in the future.  See Record Document 49, Exhibit B at 5-6.  Dr. Stephen Rose, an orthopedic surgeon who examined Cook on December 29, 2010, diagnosed Cook with arthritis of the CMC joint located at the base of the thumb and treated him with a steroid injection.  See id., Exhibit C at 4-5. Yet, Dr. Rose did not impose any work restrictions on Cook.  See id.  Based on this undisputed summary judgment evidence, Cook is not entitled to damages for future wage loss/impairment of earning capacity.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Record Document 49) filed by Sam's Town is **GRANTED** and Cook's wage loss claim is **DISMISSED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of August, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE