UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STUART COOK                                      CIVIL ACTION NO. 10-0809

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration[1] (Record Document 82) filed by Plaintiff Stuart Cook ("Cook"). Cook moves the Court to reconsider its ruling granting the Motion for Partial Summary Judgment filed by Defendants Paul Robinson, Francis Mogavero, Pat Hensley, and the City of Shreveport. More specifically, Cook contends "there are clearly disputed factual issues" and summary judgment was improper.

The undersigned has reviewed Cook's motion and also revisited the original briefing associated with the Motion for Partial Summary Judgment. The majority of Cook's arguments in the Motion for Reconsideration, namely those relating to exigent circumstances and qualified immunity, were raised in his opposition brief (Record Document 58) and were considered by the Court in its ruling on the Motion for Partial

---

[1] Rule 54(b) is the proper procedural vehicle to request that a district court reconsider an interlocutory order. See Brown v. Wichita County, Tex., No. 05-108, 2011 WL 1562567, *2 (N.D.Tex. April 26, 2011). While the exact standard for deciding a Rule 54(b) motion to reconsider is unclear, "whether to grant such a motion rests within the discretion of the court." Id. Moreover, "the district court's discretion in this respect is broad." Id.
A Rule 54(b) motion to reconsider "requires the court to determine whether reconsideration is necessary under the relevant circumstances." Id. While the legal standard for evaluating a motion to reconsider under Rule 54(b) appears to be less exacting than that imposed by Rules 59 and 60, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." Id. Such considerations include whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification. See Valles v. Frazier, No. 08-501, 2009 WL 4639679, *2 (W.D.Tex. Nov. 30, 2009).

Summary Judgment.

The Court does note that Cook has now submitted an affidavit dated August 24, 2011. The Court will not consider such affidavit, as Cook has presented no reason justifying why the affidavit was not submitted as part of his opposition to the Motion for Partial Summary Judgment. See Martin v. Lennox Intern. Inc., No. 08-10822, 2009 WL 2134908, *3 (5th Cir. July 16, 2009) ("[T]he summary judgment procedure would become uncontrolled if a court could not enforce some limits on the timely submission of appropriate evidence."). Additionally, Cook's argument alleging that two of the officers failed to comply with the Shreveport Police Training Manual is also improper evidence because Cook is attempting to raise this argument for the first time without justification. See Valles v. Frazier, No. 08-501, 2009 WL 4639679, *2 (W.D.Tex. Nov. 30, 2009); see also Record Document 82-4 at 3.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 82) filed by Plaintiff Stuart Cook is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of August, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE