UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STUART COOK                                 CIVIL ACTION NO. 10-0809

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration[1] (Record Document 85) filed by Plaintiff Stuart Cook ("Cook"). Cook moves the Court to reconsider its ruling granting the Motion for Summary Judgment filed by Defendant Sam's Town.

As to the Section 1983 claims, Cook contends that a "when taken as a whole, the evidence, both circumstantial and direct, could fairly lead a jury to conclude that Sam's Town did in fact take joint action against Cook with the Shreveport Police Department." Record Document 85-4 at 2. However, a review of the arguments presented by Cook reveals that he is simply rehashing arguments previously made in his opposition See Valles v. Frazier, No. 08-501, 2009 WL 4639679, *2 (W.D.Tex. Nov. 30, 2009).

As to the state law claims, Cook does appear to assert new arguments relating to

---

[1] Rule 54(b) is the proper procedural vehicle to request that a district court reconsider an interlocutory order. See Brown v. Wichita County, Tex., No. 05-108, 2011 WL 1562567, *2 (N.D.Tex. April 26, 2011). While the exact standard for deciding a Rule 54(b) motion to reconsider is unclear, "whether to grant such a motion rests within the discretion of the court." Id. Moreover, "the district court's discretion in this respect is broad." Id.

A Rule 54(b) motion to reconsider "requires the court to determine whether reconsideration is necessary under the relevant circumstances." Id. While the legal standard for evaluating a motion to reconsider under Rule 54(b) appears to be less exacting than that imposed by Rules 59 and 60, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." Id. Such considerations include whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification. See Valles v. Frazier, No. 08-501, 2009 WL 4639679, *2 (W.D.Tex. Nov. 30, 2009).

"intentional injurious conduct claims." Record Document 85-4 at 6. Specifically, he references defamation and malicious prosecution. See id. at 8. However, neither of these claims nor any arguments relating thereto were discussed by Cook in his opposition. See Record Document 62 at 26-28. Cook's only argument relating to intentional acts was the following:

> Under the analysis put forth by Louisiana courts, there are certainly genuine issues of material fact as to whether Sam's Town was negligent, or wrongfully acted intentionally, thus incurring liability under La. C.C. art. 2315.

Id. at 28. Cook has presented no justification for his failure to raise the arguments relating to defamation and/or malicious prosecution in the original briefing on the Motion for Summary Judgment filed by Sam's Town. See Valles, 2009 WL 4639679, *2.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 85) filed by Plaintiff Stuart Cook is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of September, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE